UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| GINA ARMSTRONG | * | CIVIL ACTION NO. 10-1574 |
| VERSUS | * | JUDGE TOM STAGG |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED** with prejudice.

**Background & Procedural History**

Gina Armstrong protectively filed the instant application for Title II Disability Insurance Benefits on September 9, 2008. (Tr. 90-91, 94-95). She alleged disability as of May 1, 2003, because of neck and back problems, and nerve damage to both legs and arms. (Tr. 107, 114). The claims were denied at the initial stage of the administrative process. (Tr. 54-60). Thereafter, Armstrong requested and received a March 23, 2009, hearing before an Administrative Law Judge ("ALJ"). (Tr. 7-36). However, in a November 24, 2009, written decision, the ALJ determined that Armstrong was not disabled under the Act, finding at Step Five of the sequential evaluation process that she was able to make an adjustment to work that exists in substantial numbers in the national economy. (Tr. 37-48). Armstrong appealed the adverse decision to the

Appeals Council. On April 10, 2010, however, the Appeals Council denied Armstrong's request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 2-4).

On October 15, 2010, Armstrong sought review before this court.[1] She contends that the ALJ's determination at step five of the sequential evaluation process is flawed because the ALJ failed to cite specific occupations that plaintiff could perform and did not identify the incidence of such work in the national economy.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. Substantial evidence lies somewhere between a scintilla and a preponderance. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citation omitted).

---

[1] The Appeals Council granted plaintiff 60 days from receipt of its August 28, 2010, letter to file the instant civil action. (Tr. 1).

## Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

>  (5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

See, Boyd v. Apfel, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

**I.  Steps One, Two, and Three**

The ALJ determined that Armstrong was insured for disability insurance benefits only through September 30, 2008. (Tr. 42). She further found at Step One of the sequential evaluation process that Armstrong had not engaged in substantial gainful activity during the relevant period. *Id*. At Step Two, she found that Armstrong suffers severe impairments of "Plantar Facial [sic] Strain, Left Foot," and back pain. *Id*. She concluded, however, that the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. *Id*. Plaintiff does not challenge the ALJ's determinations at steps one through three of the sequential evaluation process.

## II. Residual Functional Capacity

The ALJ next determined that, through the date that she was last insured, Armstrong retained the residual functional capacity to perform sedentary work, except no more than six hours of sitting and two hours of standing and/or walking, with frequent handling and fingering on the right only, occasional stooping, crouching, kneeling, climbing, and balancing, but no climbing on ladders, ropes, scaffolds, or crawling. (Tr. 42-43).[2]  Plaintiff does not challenge the ALJ's residual functional capacity assessment.

## III. Steps Four and Five

The ALJ concluded at step four of the sequential evaluation process that Armstrong could not perform her past relevant work. (Tr. 46). Accordingly, she proceeded to step five. At this step, the ALJ determined that plaintiff was a younger individual, with at least a high school education,[3] and that transferability of skills was immaterial. *Id*. The ALJ observed that given Armstrong's vocational factors, and with a residual functional capacity for the full range of sedentary work, the Medical-Vocational Guidelines directed a finding of not disabled. 20 C.F.R. § 404.1569; Rule 201.28, Table 1, Appendix 2, Subpart P, Regulations No. 4. (Tr. 20). However, because plaintiff's ability to perform sedentary work was reduced by further

---

[2] Sedentary work entails:
> . . . lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

[3] Actually, plaintiff only attended school until the 9th grade. (Tr. 11-12). Any error was harmless, however, because the ALJ's hypothetical to the vocational expert assumed a claimant with a 9th grade education. (Tr. 32-33).

limitations, the ALJ employed vocational expert testimony to conclude that plaintiff could make an adjustment to other work that exists in substantial numbers in the national economy. (Tr. 46-47). Specifically, in response to the ALJ's hypothetical (that included plaintiff's vocational background and residual functional capacity),[4] the vocational expert opined that the claimant could perform sedentary general office clerk jobs, for which there are 143,658 jobs nationally and 1,757 jobs in Louisiana. (Tr. 32-33). The vocational expert added that an example of one such job was document preparer, sedentary, with an SVP of two, and DOT code of 249.587-018. *Id*.

Plaintiff contends that the ALJ erred because she failed to comply with Social Security Rulings 83-14 and 85-15, which provide that

> [w]henever vocational resources are used and the decision is adverse to the claimant, the determination or decision will include: (1) citations of examples of occupations/jobs the person can be functionally and vocationally, and (2) a statement of the incidence of such work in the region in which the individual resides or in several regions of the country.

SSR 85-15.

Indeed, where the rights of individuals are affected, an agency must follow its own procedures, even where the procedures are more rigorous than otherwise would be required. *See Hall v. Schweiker,* 660 F.2d 116, 119 (5th Cir. 1981) (citations omitted). If an agency violates its own rules, *with resulting prejudice*, then the underlying proceedings are tainted, and any resulting actions cannot stand. *Id*.

To the extent that the incidence of jobs provided by the vocational expert was insufficiently tailored to the sample job of document preparer, plaintiff has not demonstrated

---

[4] Plaintiff points out that the ALJ's hypothetical to the vocational expert omitted the limitation to no more than six hours of sitting and two hours of standing. (Tr. 32-33). These additional limitations were redundant, however, because they are contemplated within the definition of the full range of sedentary work. *See* SSR 96-9p.

resulting prejudice. Using SkillTRAN's Job Browser Pro software, plaintiff's counsel emphasizes that the incidence of full-time document preparer jobs are 17,277 nationally and 206 locally. (Pl. Brief, pgs. 8-9). However, this incidence of jobs constitutes a significant number within the "national economy." 42 U.S.C. § 423(d)(2)(A); *Johnson v. Chater*, 108 F.3d 178, 181 (8th Cir. 1997) (200 jobs at state level and 10,000 nationally, constitute a significant number). Accordingly, any error was harmless. *See Derise v. McMahon*, No. 06-31071 (5th Cir. March 13, 2007) (unpubl.) (plaintiff failed to show how ALJ's failure to list any specifically available jobs cast doubt upon the decision).

   The court further observes that plaintiff's counsel at the time of the hearing did not cross-examine the vocational expert regarding the alleged discrepancy now raised on appeal. In this regard, the Fifth Circuit has recognized that

> claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

*Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000). This admonition is particularly relevant here where counsel's argument rests, in part, upon vocational software that is usually considered and applied by vocational experts. Plaintiff should use the software to cross-examine the vocational expert at the time of the hearing.

## Conclusion

   For the foregoing reasons, the undersigned finds that the Commissioner's determination that plaintiff was not disabled under the Social Security Act, is supported by substantial evidence and remains free of legal error. Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny disability benefits be **AFFIRMED**, and that this civil action be **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 30th day of December 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE